### CANUTILLO INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

### CITY OF EL PASO, Appellee.

### No. 6401.

Court of Civil Appeals of Texas,
El Paso.

Sept. 25, 1974.

Rehearing Denied Oct. 16, 1974.

Diamond, Rash, Leslie & Smith, Nelson Smith, Larry A. Baskind, El Paso, for appellant.

Philip T. Cole, El Paso, John C. Ross, City Atty., Wade Adkins, Michael F. Ainsa, Asst. City Attys., El Paso, for appellee.

### OPINION

WARD, Justice.

Plaintiff, Canutillo Independent School District, appeals from summary judgment granted to the City of El Paso holding that lands belonging to the City lying within the school district were exempt from the district's ad valorem taxes regardless of the question of the public purpose use of the lands. We affirm.

In proceeding to summary judgment, the parties relied only on their pleadings and upon matters of which the trial Court took judicial notice. The plaintiff alleged that the school district consists of some fifty square miles in area, and that the City of El Paso owns twenty square miles or approximately 40% of the total land within the district and that some 90% of the City land is not used for any public purpose or use. The City asserted that all of the land was exempt from taxation, regardless of how the land was used, by virtue of the blanket exemption contained in Sec. 4 of Article 7150, Vernon's Tex.Rev.Civ.Stat. Ann., which provides that all property "belonging exclusively to this State, or any political subdivision thereof, * * *" is exempt from taxation.

The school district argues that it is prompted by its serious financial plight to make this appeal. In doing so it reasserts the same argument and authorities that were rejected by the majority of the Texas Supreme Court in City of Beaumont v. Fertitta, 415 S.W.2d 902 (1967). It again urges that Sec. 4, Article 7150, be declared unconstitutional.

Regardless of the district's plight, the plaintiff's points are overruled. The Supreme Court has held that the property is exempt from taxation despite the fact that it might not be used for a public purpose. The Court has ruled that under Article VIII, Sec. 1, of the Texas Constitution, Vernon's Ann.St. the legislature was authorized to exempt all city owned property regardless of the purpose to which it might be put and the legislature has exercised this authority in Sec. 4 of Article 7150. The Court reaffirmed its holding regarding the validity of that legislative act when it noted "writ refused" in the case of Mav-

erick County Water Control & Improvement District #1 v. State, 456 S.W.2d 204 (Tex.Civ.App.—San Antonio 1970).

The judgment of the trial Court is affirmed.